## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

QUIANNA AUSTIN, :
o/b/o ALIZAI AUSTIN :
 :
    Claimant, :
 :
v. : CASE NO. 4:09-CV-88 (CDL)
 : Social Security Appeal
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
 :
    Respondent. :
_____

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is Claimant's counsel's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. (ECF No. 26.) Counsel filed his motion for fees on December 14, 2010, requesting $6,914.40 for 40.2 attorney work hours at a rate of $172.00 per hour. (Mot. for Att'y's Fees 1-2.) The Commissioner filed a Response wherein he objects to the number of attorney hours requested and the total amount of fees requested. (Comm'r's Resp. 2-5, ECF No. 27.) Additionally, the Commissioner requests that the attorney's fees be paid directly to Claimant. (Comm'r's Resp. 5-7.) For the reasons discussed hereinbelow, the Court recommends that Claimant be awarded fees in the amount of $6,914.40, and that these fees be paid directly to the Claimant.

## **DISCUSSION**

**I.**    **Attorneys Fees Pursuant to the EAJA**

Claimant requests attorneys fees pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412(d). The EAJA is not limited to Social Security actions, but allows civil litigants to recover attorneys fees which are incurred in a case against the United States when the government's position is not substantially justified. *See Sullivan v. Hudson*, 490 U.S. 877, 883-84 (1989) (discussing purpose of EAJA). Specifically, the EAJA states in subsection (d)(1)(A):

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, from the plain language of the statute, a party is entitled to an award of attorneys' fees and expenses in a civil action against the United States if: (1) the party is a prevailing party; (2) the party has incurred those fees and/or expenses; and (3) the position of the United States was not substantially justified. *Id.*; *see also, e.g., Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010) ("Subsection (d)(1)(A) directs that courts shall award to a prevailing party . . . fees and other expenses . . . incurred by that party.") (internal quotation marks, citation, and emphasis omitted).

Here, the Commissioner concedes that Claimant is the "prevailing party," that the Claimant has incurred fees, and that the Commissioner's position was not substantially justified. (Comm'r's Resp. 2.) Consequently, the Court recommends the award of fees pursuant to the EAJA. The parties, however, disagree as to a reasonable number of attorney

2

hours and consequently the total amount of fees.

## II. Number of hours

The Commissioner objects to Claimant's purported number of attorney hours claiming that the number of hours is unreasonable. Specifically, the Commissioner asserts that no more than eighteen hours should be required by counsel of the experience of Claimant's counsel to have prepared the brief in this case. (Comm'r's Resp. 4-5.) Thus, he contends, the forty hours sought by Claimant's counsel are unreasonable. No authority, however, is offered to support the Commissioner's argument that eighteen hours is "more than enough time to adequately address the issues [in this case]." (Comm'r's Resp. 5.) Sustaining the Commissioner's objection would require speculation and conjecture by the Court. The general and unsupported assertion by the Commissioner as to the number of hours required to prepare a social security appeal brief is insufficient to sustain his objection as to the reasonableness of the total number of hours. Consequently, the Court recommends that Claimant be awarded fees for 40.2 hours of her attorney's work at a rate of $172.00 per hour. This results in a total recommended award of $6,914.40 in attorney's fees.

## III. Proper party to receive EAJA Fees

Also at issue in this case is whether any fees awarded under the EAJA should be paid directly to the Claimant or to the Claimant's attorney. Claimant requests that the fees "be paid directly to [Claimant]'s attorney." (Mot. for Att'y's Fees 1.) The Commissioner objects to this request and argues that *Astrue v. Ratliff*, – U.S. – , 130 S. Ct. 2521 (2010), requires the payment of EAJA fees to the Claimant and not the Claimant's attorney. (Comm'r's

Resp. 5-7.) The Court agrees with the Commissioner and finds that any awarded fees should be paid directly to the Claimant.

In *Ratliff*, the Supreme Court explained that the EAJA, subsection (d)(1)(A), directs courts to award attorneys fees to the prevailing party and not to the party's attorney. 28 U.S.C. § 2412(d)(1)(A); *Ratliff*, 130 S. Ct. at 2525-26. This was already the law in the Eleventh Circuit under *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008). In *Reeves*, the court explained that the EAJA "unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney." *Id.* at 735. Consequently, pursuant to *Ratliff* and *Reeves*, an award of attorneys fees under EAJA must go to the prevailing party, here the Claimant.[1]

## CONCLUSION

**WHEREFORE**, it is the recommendation to the United States District Judge that Claimant's motion for attorney's fees pursuant to 28 U.S.C. § 2412(d) be GRANTED and that payment be forwarded to Claimant in the amount of $6,914.40. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the Recommendation with the United States District Judge within fourteen (14) days after being served a copy.

---

[1] Although Claimant references a potential future assignment of fees (Mot. for Att'y's Fees 3), Claimant has not provided the Court with such assignment or any other authority that would provide for the current assignment of fees directly to Claimant. The Court declines to speculate as to whether a future assignment of fees, signed after this award, would run afoul of the Anti-Assignment Act, 31 U.S.C. § 3727.

SO RECOMMENDED, this the 25th day of February, 2011.

                                                       S/Stephen Hyles
                                                       UNITED STATES MAGISTRATE JUDGE